UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANCIS X. DEBIASI,

   Plaintiff,

v.    Case No: 6:11-cv-1323-Orl-TBS

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

## ORDER[1]

Pending before the Court is Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Doc. 35). The Government has filed a response in opposition. (Doc. 36). On December 21, 2012, the Court, *sua sponte*, issued an Order granting Plaintiff 14 days to file a reply to the Government's response. Plaintiff did not file a reply, and the time to do so has expired.

Plaintiff asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that his net worth at the time this proceeding was filed was less than two million dollars. (Doc. 35 at 2). On September 13, 2012 the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 33). On that same day, the Clerk entered Judgment. (Doc. 34). Plaintiff filed his application for attorney's fees on December 10, 2012. (Doc. 35).

---

[1] On November 1, 2011 both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 14). Accordingly, the case was referred to the undersigned by an Order of Reference on November 2, 2011. (Doc. 15).

Plaintiff seeks an award of $6,463.69, calculated at the rate of $180.50 per hour for 5.8 hours spent in 2011 and $183.62 for 29.5 hours of work performed in 2012.

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and costs "incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To recover under the EAJA a plaintiff must prove that (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than two million dollars at the time the complaint was filed; and (5) there are no special circumstances which would make that award of fees unjust. 28 U.S.C. § 2412(d).  Plaintiff filed a timely application for fees which satisfies the prerequisites of the EAJA.  The Commissioner does not dispute Plaintiff's status as the prevailing party, counsel's hourly rate, or argue that the Commissioner's position was substantially justified.  However, the Commissioner does object to counsel's documented hours for work performed prior to the filing of Plaintiff's complaint and for time spent on what the Commissioner characterizes as clerical tasks.

Counsel "must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary." Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted).  Attorneys may bill adversaries for only the same hours they would bill a client. Resolution Trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-

board cut," as long as the Court adequately explains its reasons for doing so. Galdames, 432 F. App'x at 806 (citations omitted).

The Commissioner objects to .5 hours expended before Plaintiff filed his complaint. This time consists of .2 hour spent calling Plaintiff to discuss the denial by the Appeals Council of his appeal to discuss the federal process; .2 hour for receiving and reviewing paperwork prior to filing Plaintiff's claim; and .1 hour for preparing a letter regarding accepting the contract. (Doc. 35-2 at 3). Citing 28 U.S.C. § 2412(d)(1)(A), the Commissioner maintains that counsel cannot recover for this time under EAJA because it was not spent preparing for the civil action or as a part of the civil action. The Commissioner's argument is not a foregone conclusion, but the Court will reduce counsel's application by .5 hours because Plaintiff did not submit a reply to the Commissioner's objections and thus, he did not provide sufficient explanation of the time spent. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (holding that a "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours.")

The Commissioner also objects to an award of attorney fees for the performance of clerical tasks. This includes: unspecified time spent preparing a summons and cover sheet; unspecified time for filing Notice of Pendency of Related Cases and Certificate of Interested Persons; .4 hour spent for preparing summons and Marshal Service forms; and an unspecified amount of time for downloading transcript from the Court. The Government estimates that the amount of time spent on clerical tasks amounts to 1 hour. Work that is "purely clerical in nature, such as contacting court reporters, . . . mailing, filing, and delivering documents is not compensable." Montgomery v. Florida First Fin. Group, Inc., Case No. 6:06-cv-1639-ORL-31KRS, 2008 WL 3540374 at *13 (M.D. Fla.

2008); see also Scelta v. Delicatessen Support Servs. Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) ("[T]he efforts of a paralegal are recoverable only to the extent the paralegal performs work traditionally done by an attorney. Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses."). The entries in Counsel's affidavit appear to be for clerical work and Plaintiff has not contended otherwise. Accordingly, the Court will reduce counsel's 2011 time entries by 1.5 hours. Applying these reductions, the Court finds that counsel reasonably expended a total of 4.3 hours in 2011 at a rate of $180.50 per hour and 29.5 hours in 2012 at a rate of $183.62 per hour. This results in a total fee of $6,192.94.

Plaintiff has attached a copy of his assignment of EAJA fees to his counsel. (Doc. 35-3). In light of the assignment, Plaintiff requests that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), Plaintiff's petition for attorney's fees (Doc. 35) is hereby **GRANTED in part**. Plaintiff is awarded attorney's fees in the amount of **$6,192.94** to be paid out of the judgment fund**.** Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Orlando, Florida on January 11, 2013.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record